IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK SANDOVAL,<br><br>          Plaintiff,<br><br>   v.<br><br>ALLIED WASTE TRANSPORTATION,<br>INC., a California corporation;<br>and DOES 1 through 60,<br>inclusive,<br><br>          Defendants.<br>_____ | 2:10-cv-01149-GEB-KJN<br><br>STATUS (PRETRIAL SCHEDULING)<br>ORDER |

The status (pretrial scheduling) conference scheduled for August 23, 2010, is vacated since the parties' Joint Status Report filed on August 9, 2010 ("JSR"), indicates that the following Order should issue.

### DOE DEFENDANTS

Plaintiff states in the JSR that he "has not yet identified any Doe Defendants[,]" and "expects to complete discovery sufficient to identify the existence of Doe Defendants, if any, within ninety (90) days." (Doc. 7, 2:4-6.) Plaintiff shall conduct discovery pertinent to identify the existence of Doe defendants forthwith, and is authorized to seek the referenced amendment under Rule 15 provided that the motion in which leave is sought is filed no later than November 8, 2010. The motion shall be noticed for hearing on the earliest available regularly

scheduled law and motion hearing date. If leave is not sought as stated, Does 1 through 60 will be dismissed from this action automatically as of the date on which the motion was required to be filed.

### ADDED DEFENDANT'S OPPORTUNITY TO SEEK AMENDMENT OF THIS ORDER

If Plaintiff substitutes a named defendant in place of a Doe defendant, a copy of this Order shall be served on that defendant concurrently with the service of process. That defendant has 30 days after service within which to file a "Notice of Proposed Modification of Status Order." Although a newly-joined party's proposed modification filed within this thirty day period will not have to meet Federal Rule of Civil Procedure 16's good cause standard, no further amendments will be permitted except with leave of Court for good cause shown.

### AMENDMENT OF PLEADINGS

Plaintiff also states in the JSR that he "is considering whether to seek leave to amend the Complaint to include additional claims for unpaid wages." (Id. 2:8-9.) Since Plaintiff failed to indicate when he will be able to determine if he will seek to amend his Complaint in this manner, he has until November 8, 2010, to file a motion in which he seeks leave to amend the Complaint to include additional claims for unpaid wages under Rule 15 of the Federal Rule of Civil Procedure. No further amendment to the pleadings is permitted, and no joinder of a party is permitted, except with leave of Court upon a showing of good cause.

### DISCOVERY

All discovery shall be completed by July 1, 2011. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary,

and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(c)(i)'s initial expert witness disclosure requirements on or before February 1, 2011, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(c)(ii) on or before March 1, 2011.

### MOTION HEARING SCHEDULE

The last hearing date for motions shall be September 12, 2011, at 9:00 a.m.[1]

Motions shall be filed in accordance with Local Rule 230(b). Opposition papers shall be filed in accordance with Local Rule 230(c). **Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily.** Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial. Cf. Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995).

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied. A motion in limine addresses the admissibility of evidence.

---

[1] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for November 7, 2011, at 1:30 p.m.  The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference.  In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that **non-trial worthy issues could be eliminated *sua sponte*** "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law."  Portsmouth Square v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a **JOINT** pretrial statement no later than seven (7) calendar days prior to the final pretrial conference.[2] The joint pretrial statement shall specify the issues for trial, including a description of each theory of liability and affirmative defense, and shall estimate the length of the trial.[3]  The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference.  See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

---

[2] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

[3] **The joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.**

4

1    If possible, at the time of filing the joint pretrial
2 statement counsel shall also email it in a format compatible with
3 WordPerfect to: geborders@caed.uscourts.gov.

### TRIAL SETTING

Trial shall commence at 9:00 a.m. on February 7, 2012.

IT IS SO ORDERED.

Dated:  August 11, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge